**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WOODARD CONSULTING SERVICES, LLC and JIMMY WOODARD** | * * | **DIV: SHREVEPORT** |
| | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **EXCO OPERATING COMPANY, LP** | * | |
| | * * | **MAGISTRATE** |

## COMPLAINT DECLARATORY JUDGMENT AND DAMAGES

NOW COMES Woodard Consulting Services, LLC ("Woodard Consulting") and Jimmy Woodard ("Mr. Woodard"), who submit this Complaint for Declaratory Judgment and Damages as follows:

## PARTIES

1. Plaintiff Woodard Consulting is a limited liability company organized under the laws of the State of Louisiana whose principal place of business is in Ringgold, Louisiana.
2. Plaintiff Jimmy Woodard is a resident of Ringgold, Louisiana.
3. Defendant, Exco Operating Company, LP ("Exco"), is a foreign limited partnership whose principal place of business is in Texas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.
5. This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. An actual and substantial

controversy exists between the parties. Plaintiffs seek declaration that Defendant owes defense and indemnity to Plaintiffs pursuant to the terms of the contract between them and that Defendant breached its contractual obligations to provide defense and indemnity.

6. Venue is proper in the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. §1391.

**FACTUAL BACKGROUND**

7. Woodard Consulting provides oilfield consulting services in Louisiana and Texas.

8. Woodard Consulting entered into a Master Service and Supply Agreement Onshore Form ("MSA") with Exco on May 16, 2013.[1]

9. Pursuant to the agreement, Woodard Consulting was hired by Exco to provide consultation services in connection with an Exco operation in San Augustine County, Texas. Jimmy Woodard provided the services to Exco as an employee of Woodard Consulting.

10. On August 4, 2016, Jimmy Ware and Sandra Coker filed a suit, styled *Jimmy Ware and Sandra Coker v. Exco Operating Company, LP, Halliburton Company, Woodard Consulting Services, LLC and Jimmy Woodard*, Cause No. 16-9679 in the District Court of San Augustine County, Texas (the "Ware Suit"), naming Woodard Consulting and Mr. Woodard, among others, as defendants.[2]

11. The Ware Suit alleges that plaintiff Jimmy Ware was injured while working as an employee of Patterson-UTI Drilling Company, LLC, which had been hired by Exco to provide equipment and personnel to drill a well under the supervision of Exco.

---

[1] Exhibit A, Master Services Agreement
[2] Exhibit B, Plaintiff's Original Petition & Request for Disclosure

12. The Ware Suit alleges that Woodard Consulting was hired by Exco to take charge of down hole operations on the day of the accident, and that Mr. Woodard directed a Patterson employee to perform an operation that resulted in Ware's injuries.
13. Ware was an invitee of Exco at the time of the accident.
14. The MSA is governed by Texas law.
15. The terms of the MSA include a valid and enforceable agreement by Exco to indemnify Woodard Consulting and Mr. Woodard for all damages including all expenses of litigation, court costs and attorney's fees incurred by Plaintiffs herein as a result of Ware and Coker's claims. Specifically the contract provides as follows:

> **COMPANY SHALL DEFEND, INDEMNIFY, HOLD HARMLESS, AND RELEASE CONTRACTOR GROUP FROM AND AGAINST ANY AND ALL CLAIMS, LOSSES, DAMAGES, DEMANDS, CAUSES OF ACTION, SUITS AND LIABILITY OF EVERY KIND, INCLUDING ALL EXPENSES OF LITIGATION, COURT COSTS AND ATTORNEYS' FEES WHICH MAY BE INCURRED BY CONTRACTOR GROUP AS A RESULT OF SUCH CLAIMS, DEMANDS OR SUITS BROUGHT OR ASSERTED AGAINST CONTRACTOR GROUP BY ANY PARTY WHOMSOEVER ARISING FROM ANY CLAIM OF LOSS, DAMAGE, INJURY, ILLNESS OR DEATH DESCRIBED IN SUBPARAGRAPHS (a) THROUGH (h) BELOW, REGARDLESS (EXCEPT AS EXPRESSLY PROVIDED HEREIN) OF WHO MAY BE AT FAULT OR OTHERWISE RESPONSIBLE UNDER ANY OTHER CONTRACT, OR ANY STATUTE, RULE OR THEORY OF LAW, INCLUDING BUT NOT LIMITED TO THEORIES OF STRICT LIABILITY, AND EVEN THOUGH THE SUBJECT LOSS, DAMAGE, INJURY, ILLNESS OR DEATH MAY HAVE BEEN CAUSED IN WHOLE OR IN PARTY BY: (1) THE SOLE, CONCURRENT, ACTIVE OR PASSIVE NEGLIGENCE OF CONTRACTOR GROUP OR A THIRD PARTY; OR (2) A DEFECT IN THE PROPERTY OR EQUIPMENT OF EITHER PARTY, INCLUDING BUT NOT LIMITED TO THOSE DEFECTS PRE-EXISTING THE EFFECTIVE DATE OF THIS AGREEMENT.**

> **(a) Personal injury to, bodily injury to, emotional or psychological injury to, property or wage loss, benefits loss, or illness or death of COMPANY or COMPANY's employees and/or invitees (including, without limitation, all costs and expenses associated with medical evacuation of and/or emergency medical services provided to such employees) , even though COMPANY may be protected from direct suit by any workers' compensation laws;**

16. The terms of the MSA also provide a separate and independent defense obligation as follow:

> **Regardless of the enforceability of any of the foregoing insurance and indemnity obligations, the parties shall owe each other a separate duty to investigate, handle, respond to and provide defense for any claim, demand or suit for which it extends indemnity in this Agreement, and shall satisfy any and all judgments or decrees which may be entered.**

17. Pursuant to the terms of the MSA, Woodard Consulting and Mr. Woodard demanded from Exco defense and indemnity for its fees being incurred by letter dated October 27, 2016.
18. To date, Exco has failed to honor its obligations under the MSA and provide Woodard Consulting and Mr. Woodard defense and indemnification as necessary.
19. Jimmy Ware and Sandra Coker’s claims against Mr. Woodard and Woodard Consulting are currently pending and Exco has a present duty to both defend Mr. Woodard and Woodard Consulting, as well as indemnify them for defense costs and other litigation expenses currently being incurred.
20. Exco has refused to honor its obligations to defend and indemnify Woodard Consulting and Mr. Woodard. Accordingly, a present conflict exists between the parties which is ripe for adjudication.

**COUNT 1**

**DECLARATORY RELIEF**

21. The Declaratory Judgment Act allows a federal court to declare the rights and other legal relations of any interested party seeking such declaration in an actual controversy within its jurisdiction

22. This matter is ripe for adjudication because there exists a real controversy between Woodard Consulting, Mr. Woodard and Exco.

23. Based on the clear terms of the MSA, Exco is presently required to defend Woodard Consulting and Mr. Woodard in respect of all claims for damages brought by Exco's employees and invitees.

24. Exco is also presently required to indemnify Woodard Consulting and Mr. Woodard for the costs that it has incurred and continues to incur in defending the Ware Suit.

25. Because Ware was an invitee of Exco at the time of the accident, Exco is presently obligated to defend and indemnify Woodard Consulting and Mr. Woodard in respect of costs incurred to date in defending the claims of Ware and Coker.

26. Woodard Consulting and Jimmy Woodard have been left by Exco to defend this matter themselves and costs of defense are presently being incurred.

**COUNT II**

**BREACH OF CONTRACT**

27. The MSA constitutes a valid and enforceable contract between Exco and Woodard Consulting and Mr. Woodard.

28. The terms of the indemnity provisions of the MSA obligate Exco to defend and indemnify Woodard Consulting and Mr. Woodard for the costs presently being incurred in defending the Ware and Coker claims.

29. Plaintiffs herein have tendered their defense and requested indemnity from Exco for present defense costs being incurred.

30. Exco's refusal to honor the defense and indemnity provisions and either provide a defense or reimburse defense costs, litigation expenses and other costs being incurred to defend the Ware Suit constitutes a breach of the MSA.

31. Exco's breach of contract has caused damage and will continue to cause damage to Woodard Consulting and Mr. Woodard.

## REMEDIES AND PRAYER FOR RELIEF

32. Woodard Consulting Services, LLC and Jimmy Woodard specifically pray that this honorable court will enter judgment awarding the following Remedies:

33. A declaration that Defendant, Exco Operating Company, LP, is obligated to provide Woodard Consulting and Mr. Woodard a defense and indemnity for defense costs, litigation expenses, claim expenses or any other expenses presently being incurred and to be incurred in the future related to the defense of the Ware and Coker suit.

34. A judgment entered in favor of Plaintiffs against Defendant for damages arising from Defendant's breach of contract.

35. An award of attorney's fees pursuant to Texas Civil Practice & Remedies Code § 38.001 for prevailing against Exco in this breach of contract action.

36. All legal costs, interest and any and all other relief available at law or equity to which Woodard Consulting Services, LLC and Jimmy Woodard may show themselves to be justly entitled.

Respectfully submitted,

**THOMPSON COE COUSINS & IRON, LLP**

**/s/______Mark L. Clark____________________________**

Mark L. Clark, LA Bar No. 30875 (TA)
Marne A. Jones, LA Bar No. 32522
650 Poydras, Suite 2105
New Orleans, Louisiana 70130
Phone: 504-526-4321
Fax: 504-526-4310

**ATTORNEYS FOR WOODARD CONSULTING SERVICES, LLC AND JIMMY WOODARD**