UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WOODARD CONSULTING SERVICES, LLC, ET AL | CIVIL ACTION NO. 17-cv-0520 |
| VERSUS | JUDGE JAMES |
| EXCO OPERATING CO., LP | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Jimmy Woodward and Woodard Consulting Services, LLC filed this suit in federal court against Exco Operating Company, LP. Plaintiffs brought the suit in federal court based on an assertion of diversity jurisdiction, which puts the burden on them to set forth particular facts that establish complete diversity of citizenship. The complaint does not appear to meet that burden, so Plaintiffs will be allowed an opportunity to file an amended complaint that complies with the rules set forth below.

Jimmy Woodard describes himself as a "resident" of Louisiana, but it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Mr. Woodard will need to allege the state in which he has his domicile and, therefore, his citizenship.

Woodard Consulting describes itself as an LLC organized under Louisiana law with its principal place of business in Louisiana. The citizenship of an LLC is determined by the

citizenship of all of its members, with its state of organization or principal place of business being irrelevant. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. <u>Feaster v. Grey Wolf Drilling Co.</u>, 2007 WL 3146363 (W.D. La. 2007); <u>Adams v. Wal-Mart Stores, Inc</u>., 2014 WL 2949404 (W.D. La. 2014).

The complaint describes Exco as a foreign limited partnership. When a limited partnership is a party, the court must consider the citizenship of each partner, both limited and general. <u>Carden v. Arkoma Associates</u>, 110 S.Ct. 1015 (1990); <u>Whalen v. Carter</u>, 954 F.2d 1087, 1094 (5th Cir. 1994). As with the LLC, if partners are themselves entities or associations, the citizenship must be traced through however many layers of partners or members there may be.

The court understands that Plaintiffs may not have the citizenship information for Exco, so no deadline is set for filing the amended complaint. But counsel for Plaintiff should reach out to counsel for Exco at the earliest opportunity and attempt to obtain the necessary information so that the citizenship issue may be resolved at an early stage. The need to nail down citizenship with specificity at an early stage of the case was recently emphasized in <u>Settlement Funding, LLC v. Rapid Settlements, Limited</u>, \_\_\_\_ F.3d \_\_\_\_, 2017 WL1088275 (5th Cir. 2017), where four years of litigation in federal court were wasted because the

plaintiff did not meet its burden of pleading citizenship in the district court. A complaint or notice of removal that relies on diversity jurisdiction must set forth the citizenship of all parties in detail to avoid such problems.

Federal Rule of Civil Procedure 15 governs the filing of amended complaints. If Plaintiffs amend within the time permitted by the rule, they may do so without leave of court. If, however, they delay their attempt to amend they will have to file a motion for leave and state therein whether there is any opposition from a defendant. Once the complaint is amended (assuming it establishes that the court has subject-matter jurisdiction) and all defendants have filed an answer, the court will issue instructions with regard to scheduling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of April, 2017.

Mark L. Hornsby
U.S. Magistrate Judge